UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JIMMIE LEE YOUNGBLOOD
FDOC Inmate #U04742,
    Plaintiff,

v.                                                           Case No. 3:23cv12143/MCR/ZCB

J. SANTIAGO, et al.,
    Defendants.
_____/

# REPORT AND RECOMMENDATION

    Plaintiff Jimmie Lee Youngblood is an inmate of the Florida Department of Corrections. He is proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. (Doc. 4). After reviewing Plaintiff's amended complaint (Doc. 14), the Court recommends this case be dismissed without prejudice as malicious under 28 U.S.C. § 1915A(b)(1) because of Plaintiff's abuse of the judicial process.

    The prisoner civil rights complaint form requires a prisoner to list his prior litigation history. The form must be signed under penalty of perjury. The Eleventh Circuit has made clear that a prisoner's case may be dismissed without prejudice for misrepresenting litigation history on

1

the complaint form. *See, e.g.*, *Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021) (affirming dismissal of prisoner's complaint where prisoner failed to identify two prior federal lawsuits).[1] Dismissal is appropriate, even if the prisoner claims that lack of full memory or misunderstanding of the complaint form caused his failure to disclose litigation history. *See Burrell*, 857 F. App'x at 625 (affirming dismissal for failure to disclose even though prisoner claimed that he lacked full memory about the omitted lawsuit); *Schmidt v. Navarro*, 576 F. App'x 897, 899-900 (11th Cir. 2014) (affirming dismissal for failure to disclose even though prisoner wrote "not to my memory" when answering questions regarding litigation history); *Redmon v. Lake Cnty. Sheriff's*

---

[1] A raft of Eleventh Circuit cases say the same thing. *See, e.g.*, *Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) ("A plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant dismissal under § 1915"); *Rickerson v. Sec'y, Fla. Dep't of Corr.*, No. 21-12110-F, 2021 WL 6098415, at *1 (11th Cir. Nov. 2, 2021) (concluding dismissal of prisoner's complaint as malicious was warranted where plaintiff disclosed six state actions and two federal actions but failed to disclose additional state actions that related to his incarceration or conditions of confinement); *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (affirming dismissal of prisoner's complaint as malicious for abuse of judicial process where prisoner failed to disclose previously filed cases); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (same); *Shelton v. Rohrs*, 406 F. App'x 340, 340-41 (11th Cir. 2010) (same); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (same).

*Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (affirming dismissal for failure to disclose and concluding that prisoner's failure was not excused by his claimed misunderstanding of the form).

Here, Section VIII of the complaint form required Plaintiff to disclose information regarding prior civil cases he filed in state and federal court. (Doc. 14 at 28-32). Question A of Section VIII asked Plaintiff if he had any case in federal court dismissed as frivolous, as malicious, for failure to state a claim, or prior to service." (*Id.* at 29). Plaintiff checked the box for "NO," adding, "Not to the best of my knowledge," but then disclosed three cases: (1) Case No. 8:20cv2702 (M.D. Fla., Doc. 1 (Letter construed as Compl.)); (2) Case No. 6:15cv712 (M.D. Fla., Doc. 1 (Compl.)); and (3) Case No. 5:16cv701 (M.D. Fla., Doc. 1 (Compl.)).

Question B of Section VIII asked Plaintiff if he had filed any other lawsuits in federal court dealing with the same facts or issue involved in this case. (*Id.* at 30). Plaintiff answered, "Not to the best of my knowledge" and disclosed no cases in response to that question. (*Id.*).

Question C of Section VIII asked Plaintiff if he had filed any other lawsuits in federal court relating to the conditions of his confinement.

3

(*Id.*).  Plaintiff checked the box for "NO," adding, "By my best knowledge."

(*Id.*).  He disclosed no cases in response to that question.  (*Id.* at 30-32).

At the end of the complaint form, Plaintiff signed his name after the following certification: "I declare, under penalty of perjury, that all of the information stated above . . ., including my litigation history, is true and correct."  (*Id.* at 32-33).[2]  He, therefore, certified that at the time he filed this case on May 18, 2023, he had not filed any other lawsuit in federal court relating to the conditions of his confinement.[3]

The Court has screened Plaintiff's amended complaint under 28 U.S.C. § 1915(e)(2)(B) to determine whether it is subject to dismissal for any of the grounds listed in that provision, including maliciousness.  Upon researching Plaintiff's litigation history, the Court has discovered that Plaintiff failed to accurately disclose his litigation history on the complaint form.  According to Public Access to Court Electronic Records

---

[2] Plaintiff disclosed no prior litigation in his original complaint.  (Doc. 1 at 20-21).
[3] The "filed" date is the date Plaintiff certified that he delivered the complaint to jail officials for mailing.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (a *pro se* prisoner's document is deemed filed on the date the prisoner delivered it to prison authorities for forwarding to the court).

(PACER), Plaintiff commenced the following actions prior to filing his complaint in this case:

- *Youngblood v. Santa Rosa Corr. Inst.*, Case No. 3:22cv557 (M.D. Fla.) (letter filed on May 13, 2022 and construed as complaint). This case was transferred to Northern District of Florida where it became Case No. 3:22cv6851/MCR/HTC.
- *Youngblood v. Doe, et, al.*, Case No. 6:15cv2122 (M.D. Fla.) (complaint filed December 16, 2015).

How does the Court know that this Jimmie Youngblood and the Jimmie Youngblood that commenced the above cases are one and the same? The plaintiff in the cases above listed FDOC Inmate #U04742 on the mailing envelope in Case No. 3:22cv6851, and in the sworn affidavit accompanying the complaint in Case No. 6:15cv2122. Plaintiff lists the same inmate number on the complaint form in the present case. (Doc. 14 at 1).

In *Youngblood v. Santa Rosa Corr. Inst.*, Plaintiff alleged that the prison officials and members of the medical and mental health staff at Santa Rosa C.I. were deliberately indifferent to his need for medical and mental health treatment (3:22cv6851, Doc. 1). The case was dismissed

on September 27, 2022, prior to service, "as malicious or as an abuse of judicial process for Plaintiff's failure to prosecute and failure to comply with Court orders." (3:22cv6851, Docs. 10, 11). It appears as though that case involved some of the same facts or issues involved in this case.

In *Youngblood v. Doe, et al.,* Plaintiff's complaint alleged that two United States Deputy Marshals and medical staff at the Orange County Jail were deliberately indifferent to his medical needs. (6:15cv2122, Doc. 1 at 6-13 in ECF). The case was dismissed on January 26, 2016, prior to service, for failure to comply with a court order. (6:15cv2122, Doc. 5).

The lawsuits cited above were filed and dismissed before Plaintiff commenced the current case. The lawsuits cited above clearly qualified as a federal case that either (1) was "dismissed . . . as malicious"; (2) was "dismissed . . . prior to service"; (3) "deal[t] with the same facts or issue involved in this case"; or (4) "relat[ed] to the conditions of [Plaintiff's] confinement." As such, Plaintiff was required to identify them on the complaint form in this case. Yet he did not identify either of them.[4,5]

---

[4] In each of those cases, the court issued an order notifying Plaintiff that the court received his letter/complaint, opened a case, and assigned a case number. There is no indication that Plaintiff did not receive the court orders issued in those cases.

[5] By confining this discussion to two prior cases, the undersigned does

The prior litigation portion of the complaint form serves important purposes. First, it permits efficient consideration of whether the prisoner is entitled to pursue the current action under the Prison Litigation Reform Act's "three strikes" provision. Second, it allows the Court to determine whether an action is related to, or otherwise should be considered in conjunction with, another lawsuit. Third, it enables the Court to determine whether any issues raised in the current action have been previously decided by another judge. These purposes are thwarted, and the efficiency of the judicial system diminished, when a prisoner misstates his litigation history on the complaint form.

Plaintiff's *pro se* status does not excuse him from following the rules, including the requirement that litigants be truthful with the Court. *See Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) (stating that *pro se* litigants "owe the same duty of candor to the court as imposed on any other litigant"). The Court is concerned that if misrepresentations on the complaint form are not met with consequences, then word will spread throughout the prisons that

---

not imply that they are the only cases that Plaintiff was required to disclose but did not. Indeed, there appear to be others. The Court stopped at two to limit further expenditure of judicial resources.

7

the complaint forms need not be truthfully completed. *See Rodriguez v. Inch*, No. 4:19cv191/RH/HTC (Doc. 52) (N.D. Fla. June 7, 2020) ("If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose.").

As detailed above, Plaintiff misrepresented—under penalty of perjury—his prior litigation history on the complaint form. He did so, despite having been advised on the complaint form that "***failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case.***" (Doc. 14 at 28 in ECF). Consistent with that warning and the Eleventh Circuit precedent previously cited, it is recommended that Plaintiff's complaint be dismissed without prejudice.[6,]

---

[6] As previously noted, dismissal without prejudice is appropriate even though Plaintiff wrote "Not to the best of my knowledge" when answering the questions regarding his litigation history. *See Schmidt*, 576 F. App'x at 899-900 (affirming dismissal for failure to disclose even though prisoner wrote "not to my memory" when answering questions regarding litigation history). Additionally, providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuits would be an

8

Accordingly, it is respectfully **RECOMMENDED**:

1. That this case be **DISMISSED without prejudice** as malicious, pursuant to 28 U.S.C. § 1915A(b)(1).

2. That the Clerk of Court be directed to terminate all pending motions and close this case.

At Pensacola, Florida, this 23rd day of October 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

---

inadequate sanction for his conduct. *See Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940-41 (11th Cir. 2010) (holding that district court did not abuse its discretion by not providing a prisoner with an opportunity to amend his complaint to disclose lawsuits that should have been disclosed initially).